Liza M. Walsh
Rukhsanah L. Lighari
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel. (973) 535-0500
Fax. (973) 535-9217

*Attorneys for Plaintiff,*
*Educational Testing Service*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDUCATIONAL TESTING SERVICE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No 3:10-cv-01293-AET-TJB** |
| | ) | |
| v. | ) | NON-CONFIDENTIAL REDACTED |
| | ) | VERSION |
| ACTUATE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DECLARATION OF JOSEPH MELNIK, ESQ. IN SUPPORT OF PLAINTIFF EDUCATIONAL TESTING SERVICE'S APPLICATION FOR AN ORDER TO SHOW CAUSE

I, JOSEPH MELNIK, ESQ., hereby declare and state as follows:

1.      I am an attorney licensed to practice in the States of California and Ohio and Commonwealth of Pennsylvania, and am a Partner at the law firm of Jones Day, attorneys for plaintiff, Educational Testing Service ("ETS"), in the above captioned litigation.

2.      I submit this declaration in support of ETS's application for an order to show cause, and seeking the entry of a preliminary injunction against defendant, Actuate Corporation ("Actuate").  The statements made in this Declaration are based on my own knowledge and on

information that I believe to be true and correct, and if called as a witness, I could and would testify competently to the following facts.

**Circumstances leading to ETS's filing of its application for an order to show cause**

3.     On or about December 17, 2008, I was contacted by ETS to assist in handling a dispute with Actuate concerning ETS's use of computer software licensed from Actuate in accordance with an End User Software License Agreement dated March 30, 2005 ("License Agreement") (attached as Exhibit 1 hereto).

4.     I was informed that ETS received a letter in December 2008 from Actuate's General Counsel, Thomas McKeever, alleging that ETS exceeded the scope of the License Agreement (attached as Exhibit 3 hereto).

5.     From late 2008 through spring 2009, I engaged in a number of discussions with Actuate representatives in an attempt to resolve the dispute between ETS and Actuate.

6.     On May 12, 2009, I also sent a letter responding to Mr. McKeever's December 2008 letter to ETS (attached as Exhibit 4 hereto).

7.     On or about August 12, 2009, Actuate's Corporate Counsel, Dan Earls, sent a letter responding to my May 12, 2009 letter (attached as Exhibit 5 hereto).

8.     On or about September 21, 2009, I sent an e-mail to Dan Earls requesting a time when he could speak further about Actuate's allegations against ETS  (attached as Exhibit 6 hereto).  Neither Mr. Earls, nor anyone from Actuate, ever responded my September 21, 2009 e-mail.

9.     On or about March 1, 2010, I understand that Alyce Diaz of ETS received a letter (dated February 22, 2010) from Dylan Boudraa, Director of Global Compliance for Actuate, to Alyce Diaz of ETS (attached as Exhibit 7 hereto).  The letter stated that Actuate was terminating

the License Agreement, and that, "[e]ffective immediately, ETS no longer is licensed to use any Actuate software or receive any Actuate maintenance services." (*Id.*).  I understand that ETS received no notice from Actuate of its plans to unilaterally terminate the License Agreement, prior to this letter.

10.    On March 11, 2010, ETS filed a Complaint in the United States District Court for the District of New Jersey (Civil Action No. 3:10-cv-01293), claiming declaratory judgment relief, breach of contract, and breach of the implied covenant of good faith and fair dealing under New Jersey law.

11.    On or about March 12, 2010, I attempted to speak with Thomas McKeever, Actuate's General Counsel, to ascertain whether Actuate would agree that ETS could use the Actuate software during the pendency of this lawsuit.  I was unable to reach Mr. McKeever, but left a voicemail asking him to call me on this issue.

12.    On or about March 15, 2010, I again attempted to speak with Mr. McKeever.  I was unable to reach Mr. McKeever, but again left him a voicemail asking him to call me on this issue.

13.    On or about March 16, 2010, I received a call from Actuate's outside counsel, Dylan Liddiard, indicating that he was returning my calls to Mr. McKeever.  I explained to Mr. Liddiard that the Complaint in the instant litigation had been filed on March 11, 2010 in order to protect ETS against irreparable harm that would be caused by Actuate's decision to unilaterally terminate the agreement.  I also asked Mr. Liddiard if Actuate would consent to ETS' continued use of the Actuate software under the License Agreement while this litigation was pending, in order to avoid the cost and expense of seeking preliminary injunction from the Court.  Mr. Liddiard agreed to consult his client on this request.

14.    On March 24, 2010, I again spoke with Mr. Liddiard via telephone, and who informed me that Actuate would *not* agree to maintaining the status quo during this matter concerning ETS's continued use of the Actuate software.  As a result, ETS was forced to file its application for an order to show cause, and to seek a preliminary injunction.

**Actuate's similar behavior with other licensees**

15.    As recently discovered, Actuate's behavior in this case is not at all unusual.  On at least four separate occasions within the last three years, Actuate's licensees have commenced lawsuits against Actuate to defend themselves against threats made by Actuate to prematurely, and without cause, terminate other software license agreements into which it entered.

- *JPMorgan Chase Bank, N.A. v. Actuate Corp.*,
  Civil Action No. 07-cv-444 (S.D.N.Y.) (Filed January 19, 2007)

- *Carlson Wagonlit Travel, Inc. v. Actuate Corp.*,
  Civil Action No. 08-cv-2706 (D. Minn.) (Filed June 20, 2008)

- *Citigroup Global Markets, Inc. v. Actuate Corp.*,
  Civil Action No. 1:09-cv-06786 (S.D.N.Y.) (Filed July 2, 2009)

- *Fidelity Mgmt. & Research Co. v. Actuate Corp.*,
  Civil Action No. 1:10-cv-10005 (D. Mass.) (Filed December 24, 2009).

**Exhibits in support of ETS's application**

16.    Attached hereto as Exhibit 1 is a true and correct copy of the March 30, 2005 End User Software License Agreement entered into between ETS and Actuate.

17.    Attached hereto as Exhibit 2 is a true and correct copy of the April 21, 2005 Agreement for Professional Services entered into between ETS and Actuate.

18.    Attached hereto as Exhibit 3 is a true and correct copy of a letter from Thomas McKeever, General Counsel for Actuate, to Alyce Diaz, ETS's Director of Corporate Contracts. I understand that this letter was received by Ms. Diaz in December 2008.

19.     Attached hereto as Exhibit 4 is a true and correct copy of a May 12, 2009 letter from Joseph Melnik to Thomas McKeever.

20.     Attached hereto as Exhibit 5 is a true and correct copy of an August 12, 2009 letter from Dan Earls, Corporate Counsel for Actuate, to Joseph Melnik.

21.     Attached hereto as Exhibit 6 is a true and correct copy of a September 21, 2009 e-mail from Joseph Melnik to Dan Earls.

22.     Attached hereto as Exhibit 7 is a true and correct copy of a letter from Dylan Boudraa, Director of Global Compliance for Actuate, to Alyce Diaz of ETS.  While the letter is dated February 22, 2010, I understand that this letter was actually received by Ms. Diaz via Federal Express on March 1, 2010.

23.     Attached hereto as Exhibit 8 is a true and correct copy an Executed Summons and Return of Service relative to the above-captioned matter.

24.     Attached hereto as Exhibit 9 is a true and correct copy of a document entitled
REDACTED

25.     Attached hereto as Exhibit 10 is a true and correct copy of a document with an
REDACTED

26.     Attached hereto as Exhibit 11 is a true and correct copy of a document entitled
REDACTED

27.     Attached hereto as Exhibit 12 is a true and correct copy of an e-mail dated May 1,
REDACTED

28.     Attached hereto as Exhibit 13 is a true and correct copy of an e-mail string dated
REDACTED

29.     Attached hereto as Exhibit 14 is a true and correct copy of a document entitled
REDACTED

I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct.

Dated: March 25, 2010

Joseph Melnik

- 6 -

# MELNIK DECLARATION EXHIBIT 1

# REDACTED

# MELNIK DECLARATION EXHIBIT 2

**REDACTED**

# MELNIK DECLARATION EXHIBIT 3

# REDACTED

# MELNIK DECLARATION EXHIBIT 4

# REDACTED

# MELNIK DECLARATION EXHIBIT 5

# REDACTED

# MELNIK DECLARATION EXHIBIT 6

**REDACTED**

# MELNIK DECLARATION EXHIBIT 7

# REDACTED

# MELNIK DECLARATION
# EXHIBIT 8

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**EDUCATIONAL TESTING SERVICE,**
*Plaintiff*

·V.

### SUMMONS IN A CIVIL CASE

**ACTUATE CORPORATION,** ·
*Defendant*

CASE NUMBER: **3:10−CV−01293−AET −TJB**

TO: *(Name and address of Defendant):*

> Actuate Corporation
> c/o Kaufman Information Resources
> 14 Scenic Drive
> Dayton, NJ 08810

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Liza M. Walsh
> Rukhsanah L. Lighari
> CONNELL FOLEY LLP
> 85 Livingston Avenue
> Roseland, New Jersey 07068

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**WILLIAM T. WALSH**
_____
CLERK

**BETH JONIAK**
_____
(By) DEPUTY CLERK

**ISSUED ON 2010−03−12 11:38:53.0**, Clerk
USDC NJD

440 (Rev. 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE March 12, 2010 |
|---|---|
| NAME OF SERVER (PRINT) David Freda | TITLE Process Server |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: Fran Kauffman Agent - Kaufman Information Resources Registered Agent for Actuate Corporation

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 3-15-10
      Date

Signature of Server
David Freda
Jem Legal Courier LLC
Address of Server 55 Belmont Dr.
Livingston, NJ. 07039

# MELNIK DECLARATION EXHIBIT 9

# REDACTED

# MELNIK DECLARATION EXHIBIT 10

**REDACTED**

# MELNIK DECLARATION EXHIBIT 11

# REDACTED

# MELNIK DECLARATION EXHIBIT 12

# REDACTED

# MELNIK DECLARATION EXHIBIT 13

# REDACTED

# MELNIK DECLARATION EXHIBIT 14

# REDACTED